IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NAREND CHAND,

    Petitioner,

vs.     No. CIV 18-0013 JB\JHR

VINCENT HORTON, WARDEN, and
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Rule 60(B)(6) Motion for Relief from Judgment and Order Denying Writ of Certiorari to New Mexico Supreme Court, filed on January 4, 2018 (Doc. 1)("Motion"). The Court construes the Motion as a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court will dismiss the Motion for lack of jurisdiction as an unauthorized second or successive § 2254 petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Petitioner Narend Chand entered a guilty plea in the Second Judicial District Court, Court of Bernalillo, State of New Mexico, to charges of second-degree murder, aggravated burglary, interference with communications, and kidnapping. The state court sentenced Chand to forty-seven years and 364 days, with eight years suspended, for an actual sentence of forty years less one day. See State of New Mexico v. Chand, No. D-202-CR-2003-00367. He did not appeal but, instead, filed multiple petitions for writ of habeas corpus in the New Mexico state courts, all of which have been denied. See State of New Mexico v. Chand, No. D-202-CR-2003-00367.

In May of 2006, Chand filed his first 28 U.S.C. § 2254 petition for a writ of habeas corpus in the United States of America District Court for the District of New Mexico. See Chand v. Romero, No. CIV 06-0444 RB/RHS, Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed May 26, 2006 (Doc. 1)("First Motion").[1] The Honorable Robert Brack, United States District Judge for the District of New Mexico, denied Chand's First Motion on the merits, see Chand v. Romero, No. CIV 06-0444 RB/RHS, Order Adopting Findings, Granting Motion to Dismiss, Denying Petition and Dismissing Civil Proceedings at 1-2, filed June 27, 2007 (Doc. 36), and Petitioner Chand did not appeal. Chand then filed two motions in the United States Court of Appeals for the Tenth Circuit in August and September, 2011, seeking authorization to file a second or successive habeas corpus petition under § 2254. The Tenth Circuit denied both motions. See Chand v. Romero, No. CIV 06-0444 RB/RHS, Order Denying Certificate of Appealability at 5, filed June 12, 2012 (Doc. 58-1).

Chand next filed a motion under rule 60(b) of the Federal Rules of Civil Procedure in the United States District Court for the District of New Mexico in December, 2011. See Chand v. Romero, No. CIV 06-0444 RB/RHS, Request for Chief Federal Judge to Review the § 2254 Petition, filed May 1, 2013 (Doc. 64)("Second Motion"); Chand v. Romero, No. CIV 06-0444 RB/RHS, Memorandum in Support of Federal Habeas Corpus Petition, filed May 1, 2013 (Doc. 65)("Memo."). Judge Brack construed Chand's Second Motion and Memo. as an unauthorized attempt to file a second or successive § 2254 habeas corpus petition, and dismissed the motion for lack of jurisdiction. See Chand v. Romero, No. CIV 06-0444 RB/RHS,

---

[1]The Court may take judicial notice of its own records. See Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972).

Memorandum Opinion and Order of Dismissal at 3, filed May 15, 2013 (Doc. 66). Chand sought a certificate of appealability from the Tenth Circuit, seeking to appeal Judge Brack's dismissal. The Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Chand v. Romero, No. CIV 06-0444 RB/RHS, Order Denying Certificate of Appealability at 4, filed July 11, 2013 (Doc. 70-1).

In 2012, Chand filed another Motion for Relief under Rule 60(b)(6). See Chand v. Bravo, No. CIV 12-1044 MCA/WPL, Motion for Relief from State Judgment and Sentence Order of April 29, 2011 Pursuant to Rule 60(b)(6) Motion Under Liteky v U.S. PA4 & Bunton Set 2009, filed October 5, 2012 (Doc. 1)("Third Motion"). The Honorable M. Christine Armijo, then-Chief United States District Judge for the District of New Mexico, construed his Third Motion as a second or successive unauthorized § 2254 petition, and dismissed it for lack of jurisdiction. See Chand v. Bravo, No. CIV 12-1044 MCA/WPL, Memorandum Opinion and Order of Dismissal at 3, filed October 31, 2012 (Doc. 7). Chand then filed a third request in the Tenth Circuit for authorization to file a second or successive § 2254 petition. The Tenth Circuit again denied authorization and dismissed the proceeding. See Chand v. Bravo, No. CIV 12-1044 MCA/WPL, Order at 4, filed December 7, 2012 (Doc. 10).

Chand filed his current Motion in the Court on January 4, 2018. See Motion at 1. Chand's Motion raises the same issues of bias and legal errors by the state court, actual innocence, and ineffective assistance of counsel in the state criminal proceeding that he has raised in his prior filings in the District Court of New Mexico and in the Tenth Circuit. See Motion at 2-26. Chand asks the Court to "hold the State of New Mexico and the state courts of being biased," and "vacate the guilty plea because it was not entered intelligently, voluntarily and knowingly." Motion at 26.

## THE LAW REGARDING HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2254

Section 2254 provides: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a state prisoner challenges his custody and by way of relief seeks to vacate his sentence, and obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975). Under 28 U.S.C. § 2244(b)(1), a court shall dismiss a claim that the movant presents in a second or successive habeas corpus application under § 2254. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). A court also shall dismiss a claim that the movant does not present in a prior application unless the applicant shows either: (i) that the claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court of the United States made retroactive to cases on collateral review; or (ii) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear-and-convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2). To proceed on a second or successive habeas corpus petition, the petitioner must establish one of two bases. The petitioner must show that he is relying on new constitutional law that was previously unavailable and that the Supreme Court made retroactive on collateral review. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656, 661-62 (2001). Alternatively, the movant must argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence, and is sufficient to establish by clear-and-convincing evidence that,

but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  See 28 U.S.C. § 2244(b)(2)(B); United States v. Espinosa-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Further, before the petitioner files a second or successive petition in the district court, the petitioner must move the Court of Appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3)(A).  When a petitioner files a second or successive § 2254 claim in the district court without the Court of Appeals' authorization, the district court may transfer the matter to the Court of Appeals if it determines it is in the interest of justice to transfer under 28 U.S.C. § 1631, or may dismiss the petition for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  See also Coleman v. United States, 106 F.3d at 341.

When a petitioner files a motion under rule 60(b), the Court must determine whether the motion is a true rule 60(b) motion, or, instead, a second or successive petition under § 2254.  See Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006).  A 60(b) argument should not be treated as a second or successive § 2254 claim if it "challenges a defect in the integrity of the federal habeas proceedings," and "does not itself lead inextricably to a merits-based attack on the disposition of the prior habeas petition."  Spitznas v. Boone, 464 F.3d at 1216.  A rule 60(b) motion should, instead, be treated as a second or successive § 2254 petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  Spitznas v. Boone, 464 F.3d at 1216.

## ANALYSIS OF CHAND'S RULE 60(b) MOTION

Chand titles his filing a "Rule 60(B)(6) Motion for Relief from Judgement."  Motion at 1. However, he makes no argument attacking the integrity of any of his prior habeas corpus

proceedings. Instead, he, again, asserts federal challenges to his underlying state conviction and sentence. See, e.g., Motion at 3, 7, 14. The Court, therefore, construes Chand's Motion as a second or successive petition for writ of habeas corpus under § 2254. Spitznas v. Boone, 464 F.3d at 1216.

Chand argues that the state courts are biased and incorrectly applied the law, that he received ineffective assistance of counsel, that he is actually innocent, and that he did not enter an intelligent, voluntary and knowing plea. See Motion at 2-27. Chand raised his argument in his prior § 2254 proceedings. Compare Motion at 2-27 with First Motion at 6, 14-18; Second Motion at 1-2, 15-84; Third Motion at 6-17. Chand raised his claims in his prior § 2254 proceeding. See 28 U.S.C. § 2244(b)(1).

Moreover, to the extent Chand may argue that he did not raise a claim in his prior § 2254 petitions, Chand does not rely on any new constitutional law that was previously unavailable and that the Supreme Court made retroactive on collateral review. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. at 664. Nor does Chand argue or rely on a factual predicate that he could not have discovered previously through the exercise of due diligence, and is sufficient to establish by clear-and-convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offenses. See 28 U.S.C. § 2244(b)(2)(B); United States v. Espinosa-Saenz, 235 F.3d at 505. Chand's Motion is a second or successive § 2254 petition, and, without authorization, must be dismissed. See Coleman v. United States, 106 F.3d at 341.

The current filing is Chand's fourth in the District of New Mexico and a Court of Appeals authorizing order does not accompany the Motion. Under § 2244(b)(1), the Court lacks jurisdiction to proceed, and either must dismiss Chand's Petition or transfer this proceeding to the

Tenth Circuit. Applying In re Cline, the Court notes that the Tenth Circuit has already denied Chand authorization on multiple occasions and concludes that it is not in the interest of justice to transfer the proceeding to the Tenth Circuit. See In re Cline, 531 F.3d at 1252.

Chand has filed his second or successive § 2254 petition without Tenth Circuit authorization. See 28 U.S.C. § 2241(b)(3). Chand also does not establish any grounds that would permit him to proceed on a second or successive petition. See 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Motion to the Tenth Circuit and will dismiss for lack of jurisdiction. See Coleman v. United States, 106 F.3d at 341. Under rule 11 of the Rules Governing Section 2254 Cases, because Chand has not made a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Rule 60(B)(6) Motion for Relief from Judgment and Order Denying Writ of Certiorari to New Mexico Supreme Court, filed on January 4, 2018 (Doc. 1)("Motion"), is construed as an unauthorized second or successive habeas corpus petition under 28 U.S.C. § 2254; (ii) the Motion is dismissed for lack of jurisdiction; (iii) a certificate of appealability is denied; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Narend Chand
Santa Rosa, New Mexico

    *Pro se*